IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERENCE PHIFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-000386-RAH-SMD |
| | ) | |
| KOCH FOODS OF ALABAMA, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On February 12, 2025, the Magistrate Judge recommended that the pro se Plaintiff's Amended Complaint (doc. 23) be dismissed for failure to state a claim. (Doc. 30 at 11.)  On February 14, 2025, Plaintiff Terence Phifer timely filed *Plaintiff's Objections to the Magistrate Judge's Report and Recommendation* (doc. 31), in which he generally objects to the Magistrate Judge's recommendation that the Amended Complaint still did not state a claim to which relief could be granted and argues that he provided "detailed factual allegations of racial discrimination, hostile work environment, and retaliation," which, according to him, all satisfy the pleading standards of the Federal Rules of Civil Procedure. (Doc. 31 at 1 (emphasis omitted).)

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court

independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783–85 (11th Cir. 2006).  Otherwise, a Report and Recommendation is reviewed for clear error. *Id.* "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). Clear error is committed only when the reviewing court finds, with "definite and firm conviction[,] that a mistake" was made.  *United States v. White*, 335 F.3d 1314, 1319 (11th Cir. 2003) (internal quotations and citation omitted).

None of the Plaintiff's objections here are sufficiently specific enough to warrant a *de novo* review of the record. *See Macort*, 208 F. App'x at 783–85. The Plaintiff instead objects generally to the recommendation to dismiss the Amended Complaint and restates the allegations.  (*See* doc. 31 at 1–4.)

As an initial matter, the Plaintiff objects to the recommendation that the case be dismissed because he argues dismissal at this stage is premature without the benefit of discovery. (*See id.* at 4.)[1]  However, discovery *follows* "the filing of a well-pleaded complaint[;] [i]t is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.1997) (quotations omitted). This objection will therefore be overruled.

---

[1] Other than those addressed, the remainder of the Plaintiff's objections include a request for a scheduling order, a request for oral argument, and he calls the Defendant's repeated motions to dismiss frivolous. These are not objections to the Report and Recommendation, so the Court declines to address them.

The Plaintiff also argues the facts in the Amended Complaint "directly support a claim for race-based disparate treatment under 42 U.S.C. § 2000e-2(a)(1)"; "establish that [he] endured an objectively and subjectively hostile work environment under *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993)"; and sufficiently alleged a "prima facie case of retaliation under *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)." (Doc. 31 at 2–4.). There was no clear error in recommending that the Plaintiff's retaliation claim be dismissed, and after modification to the Magistrate Judge's recommendation of the remaining two claims, the Plaintiff's objections will be overruled and the Report and Recommendation adopted.

## A.    No Clear Error as to the Claim of Retaliation

Upon review of the pleadings and the recommendation, the Court finds no clear error as to the recommendation to dismiss the Plaintiff's Title VII retaliation claim because the Plaintiff's EEOC Complaint ("Charge") fails to allege facts related to retaliation.[2] (*See* doc. 23-1.) As the Recommendation points out, the Charge does not state that the Defendant retaliated against the Plaintiff for complaining about work-environment safety conditions, nor does it allege that the Defendant suspended, terminated, or took any other adverse action against the Plaintiff in retaliation against him for reporting racial discrimination to Human Resources or any other protected activity. (*See* doc. 30 at 10–11.) The Charge *only* discusses being subject to racial insults, poor work conditions, lack of training, hostile work environment, and the Plaintiff's alleged knowledge that he was "wrongfully terminated due to [his] race." (Doc. 23-1.)

---

[2] Even if the Recommendation was subjected to *de novo* review, the Court notes that the outcome would be the same—the Amended Complaint fails to state a claim of retaliation for which relief could be granted for failure to administratively exhaust because his EEOC Charge contained no facts concerning retaliation.

Because the Charge does not contain allegations from which a retaliation claim could "reasonably be expected to grow out of [his] charge of discrimination," *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004), the Magistrate Judge did not err in recommending that the claim for retaliation be dismissed. *See Francois v. Miami Dade Cnty., Port of Miami*, 432 F. App'x 819, 822 (11th Cir. 2011) (affirming summary judgment for employer due to failure to exhaust administrative remedies where the plaintiff did not check the box for national-origin discrimination "or allege any facts in the narrative section that could be construed to raise such a claim"); *Ramon v. AT&T Broadband*, 195 F. App'x 860, 865–66 (11th Cir. 2006) (affirming summary judgment for employer on retaliation claim because the plaintiff did not check the retaliation box on her EEOC charge *and* failed to include allegations necessary to support a retaliation claim); *see also Patterson v. Georgia Pac., LLC*, 38 F.4th 1336, 1345–46 (11th Cir. 2022) (concluding exhaustion requirement was met where the EEOC charge included *facts* that could lead an investigator to find retaliatory conduct—the employer questioned the plaintiff about previous testimony against the company in a federal discrimination case and stated the testimony "made things clear to him" (internal quotations omitted)); *Batson v. Salvation Army*, 897 F.3d 1320, 1327–28 (11th Cir. 2018) (holding in the ADA context that plaintiff did administratively exhaust her retaliation claim because her EEOC charge alleged facts including that plaintiff was discriminated against *because of* her "requested accommodation" and then terminated such that an EEOC investigation would have found retaliation). Therefore, the Plaintiff's objection as to that claim will be overruled.

## B.    Modification One: The Plaintiff's Race Discrimination Claim Under *Muldrow's* "Some-Injury" Standard

The recommendation applies the old—though recently updated—standard for determining whether an adverse employment action exists. (*See* doc. 30 at 5

("Critically, however, Phifer does not allege that the write-up or the failure to reassign resulted in a demotion, reduction in pay, or any other *serious or material* change in the terms and conditions of his employment." (emphasis added).)   A plaintiff, however, "need only show *some injury* respecting . . . employment terms or conditions" rather than "a significant employment disadvantage."   *Muldrow v. City of St. Louis*, 601 U.S. 346, 359 (2024) ("The [employment action] must have left [the plaintiff] worse off, but need not have left her significantly so.").  Despite this, the Plaintiff's Amended Complaint still fails to state a claim for which relief can be granted.

The Plaintiff alleges that he experienced the following adverse employment actions: 1) a write-up, 2) the failure to reassign his delivery route upon his request, 3) a suspension, and 4) termination. (*See* doc. 23.)  While the Magistrate Judge found that the first two were not adverse employment actions under the old standard, the outcome does not change under the some-injury standard.

First, the write-up.  While a shorter hurdle, the claimed "some injury" still must affect a plaintiff's "compensation, terms, conditions, or privileges of employment" based on his protected class. 42 U.S.C. § 2000e-2(a); *Muldrow*, 601 U.S. at 354–55 (explaining that a Title VII plaintiff must still show "some harm respecting an identifiable term or condition of employment" he just does not need to show the harm was "significant").  Therefore, *Muldrow* did not change the fact that a reprimand or write-up that *does not impact the terms or conditions of employment* does not constitute an adverse action within the meaning of a Title VII for a race-discrimination claim. *See Davis*, 245 F.3d at 1242.  Here, because the Plaintiff did not plead any facts to suggest that the write-up injured him in a way that impacted his compensation, terms, conditions, or privileges of employment, the write-up is not an actionable adverse employment action, even under the some-injury standard. *See Muldrow*, 601 U.S. at 354–55; *Davis*, 245 F.3d at 1242.

Second, the failure to reassign. Construing the allegations in the Amended Complaint liberally, the Plaintiff alleges that both he and a white driver complained about the safety conditions of their respective assigned routes, but only the white driver was reassigned to a safer route. (Doc. 23 at 2.) These allegations, however, only provide vague assertions that the Plaintiff's driving route was unsafe. There are no pleaded facts to explain how the route was unsafe—nothing about driving conditions, the time the Plaintiff ran the route, environmental concerns, or anything else. Likewise, the Amended Complaint does not allege facts about the white driver's route; for example, there are no allegations that state the white driver and the Plaintiff ran the same route or whether the white driver's safety concerns were like those of the Plaintiff. Without sufficiently pleaded facts, the Court is unable to reasonably infer whether the failure to reassign amounts to some injury with respect to the conditions of the Plaintiff's employment. Further, the Amended Complaint makes no allegations that the failure to reassign his route upon request "left [him] worse off" than beforehand. *Muldrow*, 601 U.S. at 359.

Next, the suspension and termination. As the Recommendation states, these employment actions are sufficiently adverse under the previous, more stringent standard for determining whether an actionable adverse employment action occurred. (*See* doc. 30 at 5–6 (relying on *Davis*, 245 F.3d at 1239).) Both are therefore actionable adverse employment actions under the some-injury standard as well. But even with these pleaded adverse actions, the Amended Complaint still fails to state a Title VII claim for race-discrimination.

At the motion to dismiss stage, a plaintiff must plead sufficient facts to raise the plausible inference that the plaintiff's protected trait was the motivation behind the adverse employment action. *See EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1026 (11th Cir. 2016); *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 938 (11th Cir. 2011) ("Nothing in her complaint raises a plausible

inference that [the defendant] discriminated against [the plaintiff] *based on her race*." (emphasis added)).  A plaintiff may create an inference of race-discrimination by alleging plausible factual allegations that a similarly situated person outside of the plaintiff's protected class (a comparator) was treated more favorably. *See Henderson*, 436 F. App'x at 937; *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x. 563, 565–66 (11th Cir. 2010) (affirming dismissal of Title VII claim where pro se plaintiff failed to allege facts to support that the defendant treated similarly situated employees outside of plaintiff's protected class differently) (citing *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)).  While the allegations do not have to show that the proffered comparator is an employment-doppelganger except for their protected characteristic, the complaint must provide enough factual matter to show that the comparator and plaintiff are substantively alike enough to allow a court to infer that the different treatment is due to racial animus. *See Lewis v. City of Union City*, 918 F.3d 1213, 1226, 1228 (11th Cir. 2019). If a plaintiff and the comparator can objectively be "reasonably be distinguished" then the complaint lacks sufficient factual allegations to show that the two are similarly situated. *See id.* at 1228 (quoting *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 231 (2015)).

Here, there are no allegations of a similarly situated comparator being treated more favorably with respect to the Plaintiff's suspension and termination. The Amended Complaint only alleges that a white driver received a different driving route after he voiced safety concerns while the Plaintiff did not, that the Plaintiff received a write-up when it was a white driver who failed to complete a pick-up on the Plaintiff's route, and—in conclusory fashion—that "similarly situated non-Black employees were afforded greater autonomy in their positions." (Doc. 23 at 2.)  But these allegations do not provide facts from which the Court can infer 1) whether the Plaintiff and white drivers were substantively alike or can reasonably be distinguished and 2) that the suspension and termination were because of the

Plaintiff's race. The Amended Complaint therefore fails to plead a prima facie case for race-discrimination.  Accordingly, the Plaintiff's race-discrimination claim is due to be dismissed for failure to state a claim, and the Plaintiff's objection to the dismissal of his race-discrimination claim will be overruled.

**C.    Modification Two: The Hostile-Work-Environment Claim**

The Court adopts the Report and Recommendation with the following modification: The Plaintiff's "allegations—alone or in combination—do not rise to the level of 'sever[e] and pervasive' for the purposes of a Title VII hostile work environment claim," (doc. 30 at 7 (quoting *McCann v. Tillman*, 526 F.3d 1370, 1378–79 (11th Cir. 2008)), because the Amended Complaint fails to plead facts to show that the alleged harassment "alter[ed] the terms and conditions of employment . . . ." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010); *Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1305 (11th Cir. 2023) (affirming summary judgment for employer on hostile-work-environment claim where the supervisor made an "offensive comment, micromanaged . . . [the plaintiff's] work, solicited peers to report on her violations, made her perform clerical duties, and disbelieved or ignored her complaints of race discrimination" because the evidence was not "severe or pervasive to alter the terms and conditions of her employment").

While a complaint need not allege that the harassment "interfer[ed] with an employee's performance," *Copeland v. Ga. Dep't of Corr.*, 97 F.4th 766, 776 (11th Cir. 2024), it still must allege something more than "conduct that is merely offensive." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993); *see Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1988) (explaining in the sexual harassment context that "[w]e have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment); *Yelling v. St. Vincent's Health Sys.*, 82 F.4th 1329, 1335–36 (11th Cir. 2023) (holding that allegations of a workplace with "heated" and "racist comments" made multiple times failed to

establish a prima facie case for hostile work environment); *Ivey v. Crestwood Med. Ctr.*, No. 23-11936, 2024 WL 1269765, at *1 (11th Cir. Mar. 26, 2024) (per curiam) (affirming summary judgment of hostile-work-environment claim for employer even though the supervisor said the "China virus is from your people," told the plaintiff to "shut it," and told coworkers not to help the plaintiff because the "secondary allegations [did] not show a racial motive,  nor did the allegations in combination rise to the level of severity required to plausibly demonstrate a hostile work environment").

Here, the Amended Complaint's conclusory allegation that "[t]he discriminatory conduct described . . . created a hostile work environment that interfered with [the] Plaintiff's ability to perform his job and caused emotional distress" (doc. 23 at 4), also does not plead factual matter to support that the alleged harassment "alter[ed] the terms and conditions of employment." *Edwards, Inc.*, 602 F.3d at 1300. Accordingly, the Plaintiff's objection to the dismissal of his hostile-work-environment claim on the basis that he "establish[ed] that [he] endured an objectively and subjectively hostile work environment under *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993)" will be overruled. (Doc. 31 at 3.)

## CONCLUSION

Upon an independent review of the record, the Magistrate Judge's Report and Recommendation, and the Objection, it is **ORDERED** as follows:

1)  The Recommendation (doc. 30) as modified is **ADOPTED**;

2)  The Plaintiff's objections (doc. 31) are **OVERRULED**; and

3)  This case is **DISMISSED** for failure to state a claim. A separate judgment will issue.

**DONE** and **ORDERED** on this the 30th day of April 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE